**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN WENTWORTH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHWEST AIRLINES,<br><br>　　　　　　Defendant. | Case No. 21-cv-01943-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2);**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**(3) DISMISSING CASE** |

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

One of the cases the Court did not consolidate is *Wentworth v. Southwest Airlines HQ*, No. 21-cv-00702-BAS-AGS. In that case, the Court granted Ms. Wentworth's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed the Complaint because it did not state a claim. (No. 21-cv-00702-BAS-AGS, ECF No. 4.) The Court ordered Ms. Wentworth to file an Amended Complaint by September 3, 2021. (ECF No. 4.) She did not, so the Court closed the case.

Ms. Wentworth now files this action, seeking $13 million in damages from Southwest Airlines, claiming she was injured by a "Southwest supervisor." (ECF No. 1.) Ms. Wentworth also states: "This case was previously filed 4/2021 with the U.S. District Court." (*Id.*) She moves to proceed IFP and also requests appointment of counsel. (ECF Nos. 2, 3.)

The Court again grants Ms. Wentworth's request to proceed IFP. Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.1984)). In addition, an IFP complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)) (construing former version of 28 U.S.C. § 1915(d), which then governed dismissal for frivolousness).

Because this case is duplicative of Ms. Wentworth's prior action against Southwest Airlines, the Court concludes it is frivolous and dismisses it with prejudice. Further, even if the Court construed this case as an amended pleading for the prior case, the amended pleading is untimely and does not survive screening under 28 U.S.C. § 1915(e)(2)(B). The Court also finds there are not exceptional circumstances warranting a request for pro bono counsel. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Accordingly, the Court **GRANTS** Ms. Wentworth's Motion to Proceed IFP (ECF No. 2) but **DENIES** her Motion to Appoint Counsel (ECF No. 3). The Court **DISMISSES**

1  **WITH PREJUDICE** this action.  The Clerk shall enter judgment accordingly.  Finally,
2  the Clerk shall also place a Do Not File ("DNF") tag on this case in light of Plaintiff's
3  numerous case filings and failure to follow the Court's orders.
4      **IT IS SO ORDERED.**
5
6  DATED: November 19, 2021
7
Hon. Cynthia Bashant
United States District Judge